UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER MARK GIERBOLINI, I
o/b/o A.M.G. II,

    Plaintiff,

v.                                              Case No. 8:20-cv-1797-SDM-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**ORDER**

    This cause comes before the Court upon Plaintiff's Motion for Order Directing the U.S. District Court Clerk to Issue Subpoena *Duces Tecum* (Doc. 22) and Plaintiff's Motion for Extension of Time (Doc. 23). By the motions, Plaintiff requests that the Court (1) direct the Clerk to issue a subpoena *duces tecum* to a medical provider, seeking the production of medical records from 2014 through August 16, 2021, and (2) allow Plaintiff an extension of time to submit his Memorandum of Law until such time as he receives the requested records. With respect to subpoenas, judicial enforcement, and judicial review of administrative

---

[1] Kilolo Kijakazi is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

decisions from the Commissioner of the Social Security Administration (the "Commissioner"), 42 U.S.C. § 405 states:

> **(d) Issuance of subp[o]enas in administrative proceedings**
> For the purpose of any hearing, investigation, or other proceeding authorized or directed under this subchapter, or relative to any other matter within the Commissioner's jurisdiction hereunder, the Commissioner of Social Security shall have power to issue subp[o]enas requiring the attendance and testimony of witnesses and the production of any evidence that relates to any matter under investigation or in question before the Commissioner of Social Security. Such attendance of witnesses and production of evidence at the designated place of such hearing, investigation, or other proceeding may be required from any place in the United States or in any Territory or possession thereof. Subp[o]enas of the Commissioner of Social Security shall be served by anyone authorized by the Commissioner (1) by delivering a copy thereof to the individual named therein, or (2) by registered mail or by certified mail addressed to such individual at his last dwelling place or principal place of business. A verified return by the individual so serving the subp[o]ena setting forth the manner of service, or, in the case of service by registered mail or by certified mail, the return post-office receipt therefor signed by the individual so served, shall be proof of service. Witnesses so subp[o]enaed shall be paid the same fees and mileage as are paid witnesses in the district courts of the United States.
>
> **(e) Judicial enforcement of subp[o]enas; contempt**
> In case of contumacy by, or refusal to obey a subp[o]ena duly served upon, any person, any district court of the United States for the judicial district in which said person charged with contumacy or refusal to obey is found or resides or transacts business, upon application by the Commissioner of Social Security, shall have jurisdiction to issue an order requiring such person to appear and give testimony, or to appear and produce evidence, or both; any failure to obey such order of the court may be punished by said court as contempt thereof.
>
> \*\*\*
>
> **(g) Judicial review**
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of

2

notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner of Social Security or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Commissioner of Social Security, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations. The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. Any action instituted in accordance

> with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.

42 U.S.C. § 405(d), (e), & (g) (emphasis in original). In addition, the regulations provide the following guidelines regarding the issuance of subpoenas:

> (d) Subpoenas.
>
> (1) When it is reasonably necessary for the full presentation of a case, an administrative law judge or a member of the Appeals Council may, on his or her own initiative or at the request of a party, issue subpoenas for the appearance and testimony of witnesses and for the production of books, records, correspondence, papers, or other documents that are material to an issue at the hearing.
>
> (2) Parties to a hearing who wish to subpoena documents or witnesses must file a written request for the issuance of a subpoena with the administrative law judge or at one of our offices at least 10 business days before the hearing date, unless you show that your circumstances meet the conditions described in § 416.1435(b). The written request must give the names of the witnesses or documents to be produced; describe the address or location of the witnesses or documents with sufficient detail to find them; state the important facts that the witness or document is expected to prove; and indicate why these facts could not be proven without issuing a subpoena.
>
> (3) We will pay the cost of issuing the subpoena.
>
> (4) We will pay subpoenaed witnesses the same fees and mileage they would receive if they had been subpoenaed by a Federal district court.

20 C.F.R. § 416.1450(d).[2] Based on the foregoing, the *Commissioner* may issue subpoenas seeking the production of evidence during the *administrative proceedings*

---

[2] The Social Security Hearings, Appeals, and Litigation Law Manual ("HALLEX"), an agency handbook that defines the procedures for carrying out the Social Security Administration's policies, further describes the use of subpoenas in the context of the administrative process. HALLEX §§ I-2-5-78, I-2-5-80, I-2-5-82, https://ssa.gov/OP_Home/hallex/I-02/I-2-5.html (last visited Aug. 31, 2021).

and may seek enforcement of the subpoena, upon application by the Commissioner, in federal district court. Nothing in 42 U.S.C. § 405 or the regulations provides a basis for a federal district court to issue subpoenas to obtain records outside of the administrative record presented before the Commissioner.

Rather, federal district courts perform a limited review of determinations made by the Commissioner. Namely, a determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *See Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that the Commissioner has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation

5

omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted). Given this limited review, and the lack of authority for issuance of subpoenas by a district court in this context, Plaintiff's request is denied. To the extent that Plaintiff seeks to set forth an argument that the ALJ or Appeals Council denied his request to subpoena medical records or prevented him from an opportunity to subpoena the author of a post-hearing medical report, and thus denied him due process, however, he may assert such argument in his Memorandum of Law and cite to the relevant portion of the administrative record and the legal authority for his position.[3]

Further, upon review of the administrative record (Doc. 19), it appears that Plaintiff submitted a letter from a medical practitioner to the SSA subsequent to the Administrative Law Judge's ("ALJ") decision (Tr. 1-31).[4] With a few noted exceptions, a claimant is allowed to present new evidence at each stage of the SSA's

---

[3] "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in an meaningful manner'." *Tagle v. Astrue*, 279 F. App'x 827, 829 (11th Cir. 2008) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Where an ALJ substantially relies upon a post-hearing medical report that directly contradicts the medical evidence supporting a claimant's contentions, for instance, it would violate a claimant's right to due process for the Commissioner to deny disability benefits without affording the claimant an opportunity to subpoena and cross-examine the authors of such report. *Tagle*, 279 F. App'x at 829; *see also Santos v. Soc. Sec. Admin.,Comm'r*, 731 F. App'x 848, 854 (11th Cir. 2018) (citation and quotation omitted) (indicating that due process is violated when a claimant is denied an opportunity during the administrative process to subpoena and cross-examine those who submit medical reports).

[4] All citations to pages of the administrative record will be as follows: (Tr. __).

administrative process. *Ingram*, 496 F.3d at 1261; *see* 20 C.F.R. § 416.1400(b). When a claimant appeals an ALJ's decision to the Appeals Council, "[t]he Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261 (internal quotation and citation omitted); *see* 20 C.F.R. § 416.1470(b) & (c). Thereafter, review by a federal district court requires consideration of evidence not initially submitted to the ALJ but considered by the Appeals Council in order to determine whether that new evidence renders the denial of benefits erroneous. *See Ingram*, 496 F.3d at 1258, 1262. A remand under sentence four is warranted when a claimant submits new evidence to the Appeals Council, which the Appeals Council does not adequately consider in denying the claimant's request for review. *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 902 (11th Cir. 2013) (citing *Ingram*, 496 F.3d at 1268); *see also Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015) (stating that, "when the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate."). Accordingly, "[t]o obtain a sentence four remand, the claimant must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole. *Timmons*, 522 F. App'x at 902 (citing *Ingram*, 496 F.3d at 1266-67). To the extent that Plaintiff seeks to argue that the Appeals Council did not adequately consider Plaintiff's new evidence, Plaintiff may likewise assert such argument in his Memorandum of Law

and cite to the relevant portion of the administrative record and the legal authority for his position.

Based on the foregoing, an extension of the current deadline will be granted to allow Plaintiff time to submit his Memorandum of Law, with a commensurate extension given to the Commissioner for submission of her Memorandum of Law. Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion for Order Directing the U.S. District Court Clerk to Issue Subpoena *Duces Tecum* (Doc. 22) is DENIED.

2. Plaintiff's Motion for Extension of Time (Doc. 23) is GRANTED to the extent that Plaintiff shall have up to and including October 14, 2021 to submit his Memorandum of Law. The failure of Plaintiff to submit his Memorandum of Law within the time allotted could lead to dismissal of this action without further notice.

3. Given the extension of Plaintiff's deadline to submit his Memorandum of Law, the deadline for the Commissioner to submit her Memorandum of Law is extended up to and including December 15, 2021.

DONE AND ORDERED in Tampa, Florida, on this 1st day of September, 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record
      Plaintiff, *pro se*