UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER MARK GIERBOLINI, I
o/b/o A.M.G. II,

    Plaintiff,

v.                                                       Case No. 8:20-cv-1797-SDM-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

Plaintiff, who appears *pro se*, brought this action on behalf of his minor child, seeking judicial review of the denial of the minor child's claim for disability. Plaintiff now seeks permission to have a speaker appear and present oral argument on his behalf during a hearing currently set for April 13, 2022 before the undersigned (Doc. 30), which the Acting Commissioner of Social Security opposes (Doc. 31). According to Plaintiff, the "volunteer speaker," who is not a licensed attorney, assisted Plaintiff with drafting his motions, pleadings, and affidavits thus far in the proceedings. Given Plaintiff's admitted lack of knowledge regarding litigation and the legal process, Plaintiff seeks to have the "volunteer speaker" present with him during the hearing and to present oral argument on Plaintiff's behalf.

In federal court, parties may plead and conduct their cases either by counsel or personally, otherwise referred to as *pro se*. 28 U.S.C. § 1654 ("In all courts of the

United States the parties may plead and conduct their own cases personally or by counsel ...."). "The right to appear *pro se*, however, is limited to those parties conducting their own cases and does not apply to persons representing the interests of others." *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (*per curiam*) (citations and internal quotation marks omitted);[1] *see also U.S. ex rel. Stronstorff v. Blake Med. Ctr.*, No. 8:01-CV-844-T23MSS, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003) ("Axiomatically, a lay person is entitled to represent only himself, not any other person or entity."). Further, under the Local Rules for the Middle District of Florida, "[m]embership or special admission in the Middle District bar is necessary to practice in the Middle District." M.D. Fla. R. 2.01(a).

Plaintiff's purported "voluntary speaker" is not licensed to practice law or otherwise eligible for membership or special admission in the Middle District bar. Both Plaintiff and the "voluntary speaker" are put on notice that the performance of services in representing another before the courts in Florida is considered the practice of law. *Stenzel v. Equifax Info. Servs., LLC*, Case No: 8:19-cv-1247-T-60SPF, 2019 WL 5549147, at *1 (M.D. Fla. Oct. 28, 2019) (citing *Fla. Bar re Advisory Opinion*, 265 So.3d 447, 454 (Fla. 2018)). Given Plaintiff's representations in his motion, it appears that the "voluntary speaker" has engaged in the unlicensed practice of law in Florida. *Stenzel*, 2019 WL 5549147, at *2 (noting that the Florida Supreme Court has "repeatedly held that the preparation of legal documents by a

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

nonlawyer for another person to a greater extent than typing or writing information provided by the customer on a form constitutes the unlicensed practice of law") (citation and internal quotation marks omitted). To permit the "voluntary speaker" to appear on Plaintiff's behalf during the hearing would equate to an endorsement of the nonlawyer's unlicensed practice of law, which this Court will not do. *See, generally, id.*, 2019 WL 5549147, at *2 (noting that the Florida Supreme Court has enjoined "a nonlawyer from appearing in any Florida court, directly or indirectly, as a spokesperson or representative for litigants in any court proceeding") (citation and internal quotation marks omitted). The "voluntary speaker" may therefore not appear at any hearings nor otherwise engage in the practice of law, including drafting and submitting filings on behalf of Plaintiff or the minor child, in this action. Given Plaintiff's representations regarding the "voluntary speaker's" efforts thus far in the action, the construed Memorandum of Law (Doc. 25), the primary filing submitted in support of the minor child's appeal of the unfavorable disability determination, must be stricken.

For the same reasons that the "voluntary speaker" may not represent Plaintiff or his minor child, Plaintiff may not represent his minor child's interests in this action. As the Eleventh Circuit recognized, though individuals may proceed *pro se* under 28 U.S.C. § 1654, and Rule 17, Federal Rules of Civil Procedure, authorizes a conservator or guardian to sue on behalf of a minor child, "a non-lawyer parent has no right to *represent* a child in an action in the child's name." *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 448-49 (11th Cir. 2008) (emphasis in original); *see FuQua v.*

3

*Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (noting that parents who are not attorneys cannot bring a *pro se* action on their child's behalf); *Peake ex rel. K.R.D. v. Comm'r of Soc. Sec.*, No. 6:06-cv-1863-Orl-KRS, 2008 WL 495377, at *1 (M.D. Fla. Feb. 20, 2008) (stating that parents do not have the right to represent their children in federal court under the law of the Eleventh Circuit). In the context of an administrative appeal of a decision denying benefits by the Social Security Administration, "although a parent may file an application for disability benefits on his or her child's behalf and may seek review of a decision denying benefits, a parent may not bring a pro se action on the child's behalf." *Figueroa v. Comm'r of Soc. Sec.*, Case No: 8:16-cv-1343-T-33JSS, 2016 WL 11578639, at *2 (M. D. Fla. Sept. 1, 2016) (citations omitted), *report and recommendation adopted*, 2016 WL 11578640 (M.D. Fla. Sept. 23, 2016). As Plaintiff may not represent the interests of his minor child in this action, nor employ the services of a non-lawyer to represent the interests of his minor child, it is appropriate to cancel the hearing and stay the case to afford Plaintiff time to obtain a lawyer.[2] Neither Plaintiff nor any other non-lawyer may submit any further filings on behalf of Plaintiff's minor child. Accordingly, it is hereby

---

[2] Though the Court cannot recommend a specific lawyer for Plaintiff, many lawyers in the Middle District of Florida represent indigent claimants in social security disability appeals and take such cases on a contingency basis, meaning that Plaintiff would not have to pay the attorney to represent the interests of his minor child but rather would be reimbursed attorney's fees on a statutory basis for a successful appeal at the district court and then from past-due benefits for a successful reconsideration at the administrative level. *Cf. Peake*, 2008 WL 495377, at *1 (recognizing that many attorneys in the Middle District of Florida represent indigent social security disability claimants).

ORDERED:

1. Plaintiff's motion (Doc. 30) is DENIED.

2. The hearing scheduled for April 13, 2022 is CANCELED.

3. The construed Memorandum of Law (Doc. 25) is STRICKEN.

4. Plaintiff shall have up to and including April 29, 2022 to obtain a lawyer to represent his minor child. The lawyer shall submit a notice of appearance on Plaintiff's behalf, after which time the Court will address an adjusted briefing schedule. The failure by Plaintiff to obtain a lawyer by April 29, 2022 will result in a recommendation of dismissal.

5. This matter is STAYED. The Clerk is directed to enter a stay and administratively close this case pending further order of the Court.

6. The Clerk shall mail a copy of this Order to Plaintiff.

DONE AND ORDERED in Tampa, Florida, on this 28th day of February, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record
      Plaintiff, *pro se*